MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV (CSBN# 223532)
Counsel for Wage and Hour
KARINA WEGMAN (DCB#1618649)
Trial Attorney
KARLA MALAGON (CSBN#320505)
Trial Attorney
Office of the Solicitor
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-0255
Facsimile: (213) 894-2064
Email: malagon.karla@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>A&S SEWING PREMIUM INC.; and BEATRIZ BECERRA, an individual,<br><br>Defendants. | Case No.: 2:22-cv-03456<br><br>**COMPLAINT**<br>Violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201, *et seq.* |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants A&S Sewing Premium Inc. ("A&S") and Beatriz Becerra ("Defendants"), from violating provisions of Sections 6, 7, 11(c), 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(1), 215(a)(2) and 15(a)(5) and to recover amounts owed under the FLSA to employees of Defendants, as listed by name in the attached Exhibit A to this complaint, for the period of May 2019 to November 2020.

1. This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and § 1345 (United States as Plaintiff).

2. (a) Defendant A&S Sewing Premium Inc. is and at all relevant times has been a corporation in California with an office and place of business at 2526 E. 56th St. Huntington Park, CA 90255, within the jurisdiction of this Court, and has been engaged in the business as a garment contractor.

(b) On information and belief, Defendant Beatriz Becerra resides within the jurisdiction of this Court.

(c) Defendant Beatriz Becerra is and at all relevant times has been acting directly or indirectly in the interest of A&S Sewing Premium Inc., in relation to the employees of A&S Sewing Premium Inc., and is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

3. Defendants' activities constitute, and at all times material hereto have constituted, related activities performed through unified operation or common control for a common business purpose; and are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

4. The aforesaid enterprise has, and at all times material hereto has had, employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

5. Defendants, individually and jointly, serving as agents for one another, have controlled the material aspects of the employment relationship with all employees at A&S

1  Sewing Premium Inc.'s place of business located at 2526 E. 56th St. Huntington Park, CA
2  90255, including, hiring, firing, setting pay rates, setting work schedules, assigning work,
3  and preparing and maintaining pay records; these employees are listed in the attached Ex-
4  hibit A. As such, Defendants are jointly and severally liable for all back wages due to their
5  employees.

6.  Defendants have violated and are violating provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage of $7.25 per hour. At all relevant times, Defendants have willfully violated and continue to violate Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2). Defendants knew or should have known of the FLSA's minimum wage requirements but nevertheless employed workers without properly compensating them.

7.  Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 207 and § 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

8.  Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. § 211(c) and § 215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff-Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

9. During the period of May 2019 to November 2020, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1) (the "hot goods" provision), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge goods of which employees of Defendants were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above.

10. (a) During the period from May 2019 to November 2020, Defendants have repeatedly and willfully violated and are violating the above-described provisions of the FLSA.

(b) As a result of the violations of the monetary provisions of the FLSA, there is unpaid minimum wage and overtime compensation due under the FLSA that are being withheld by the Defendants.

(c) A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. § 217.

(d) A judgment enjoining and restraining the continued withholding of unpaid overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

(e) Judgment awarding unpaid minimum wage and overtime compensation due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of overtime compensation that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

  A. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2) and 215(a)(5); and

B.  For an order

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants liable for any unpaid minimum wage and overtime compensation that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any minimum wage and overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A; or

(ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, the Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

C. Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate.

Dated: May 20, 2022

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

KARINA WEGMAN
Trial Attorney

*/s/ Karla Malagon*
KARLA MALAGON
Trial Attorney

Attorneys for the Plaintiff
U.S. Department of Labor

Exhibit A

| First Name | Last Name |
|---|---|
| Siney | Alfredo |
| Francisco | Alvarado |
| Modesta | Ayala |
| Vicente | Bernabe |
| Mario | Cantera |
| Isabel | Cercas |
| Guadalupe | Cernas |
| Adan | Chavez |
| Jairo | Chavez |
| Walter | Chavez |
| Mauricia | Cux |
| Eugenio | Escun |
| Gloria | Escun |
| Miguel | Espinosa |
| Javier | Flores |
| Juan | Flores |
| Victor | Flores |
| Cecilia | Garcia |
| Elisabeth | Garcia |
| Marcos | Garcia |
| Yasmin | Hernandez |
| Rosalia | Jardinez |
| Sofia | Leon |
| Genaro | Mendez |
| Angel | Ortiz |
| Neftali | Pacheco |
| Maria | Perez |
| Edwin | Quiche |
| Pascual | Quiche |
| Maria | Ramirez |
| Maria | Rios |
| Luis | Saldana |
| Samaria | Sandoval |
| Oscar | Saqui |

| | |
|---|---|
| Florencio | Serrano |
| Fabian | Solis |
| Silvino | Suarez |
| Marco | Tenorio |
| Adolfo | Tulul |
| Oswaldo | Vasquez |
| Brayan | Xaminez |
| Leonel | Xaminez |
| Camila | Yac |
| Anita | Zacarias |