JS-6

A&S MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV (CSBN# 223532)
Counsel for Wage and Hour
KARINA WEGMAN (DCB#1618649)
Trial Attorney
KARLA MALAGON (CSBN#320505)
Trial Attorney
Office of the Solicitor
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-0255
Facsimile: (213) 894-2064
Email: malagon.karla@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>A&S SEWING PREMIUM, INC., BEATRIZ BECERRA, Individual,<br><br>Defendants. | Case No.: No. 2:22-cv-03456-SSS-MAAx<br><br>**CONSENT JUDGMENT AND ORDER** |

      Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants A&S Sewing Premium Inc. ("A&S") and Beatriz Becerra ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

      A.    The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 6, 7, 11(c), 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(1), 215(a)(2) and 15(a)(5).

B.   Defendants have retained defense counsel and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C.   Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.

D.   The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of May 2019 to November 2020. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendants through this Consent Judgment.

E.   The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

F.   Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

G.   Defendant A&S Sewing Premium Inc. is a garment contractor.

H.   During the course of the Secretary's investigation, specifically on or about May 3, 2021, Defendants secured from the majority of their employees "settlement agreements" purporting to waive all their claims against Defendants in exchange for payments ranging from $200 to $400.

I.   Defendants agree that these settlement agreements are null and void and have no effect and will not serve as a bar in this action or any action brought by the employees with the exception that the Secretary has given Defendants credit for the $200 to $400 payments they made to employees.

J.   Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on by employees who were not paid the wages required under the FLSA.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and

CONSENT JUDGMENT

restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA § 3(s), wages at a rate less than the operative minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of FLSA § 3(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of Defendants or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

4. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

5. The settlement agreements that Defendants obtained from their employees

in 2021 are hereby held to be null and void and shall have no legal effect or waive any claims in this action or any future action by the employees against the Defendants.

6. Within 60 days of the entry of this Judgment, Defendants shall hire an independent third-party monitor, acceptable to and approved by the Secretary, to monitor compliance with the FLSA. The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor. The monitoring program shall include the following components:

  i. Random and unannounced site visits to the Defendants, on a quarterly basis;
  ii. Review of the Defendants' timecards and payroll records on at least a quarterly basis;
  iii. Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid. The names of the employees who are interviewed shall not be disclosed to the Defendants. At least one half of the interviews shall be done off work premises;
  iv. Disclosure to the Defendants of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;
  v. Review of the Defendants garment registration to determine if they are operating under a valid garment registration;
  vi. The Defendants shall not take any adverse action against any employee who cooperates with the monitor or who provides information about violations of the FLSA;
  vii. The monitor shall produce written reports of its findings, which must address each of the subjects required under this paragraph. Defendants shall maintain these reports for a period of three years and supply

CONSENT JUDGMENT

copies to representatives of the Secretary of Labor upon their request;

    viii. The monitoring program must be in place for at least three years. However, if the monitor finds any FLSA violations during the three years, the monitoring program must be extended for another two years for five years total.

7. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain their payroll practices as follows:

    a. Defendants shall pay all employees on an hourly basis.

    b. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours.

    c. Defendants' electronic timekeeping system shall permit employees (as opposed to supervisors) to track their individual work hours daily. The electronic timekeeping system shall be used to calculate hours worked for payroll purposes. If changes in the time records later are required, Defendants shall designate and authorize one or more individuals to correct time entry errors, and the employee must sign off on the change.

    d. Defendants shall pay all employee wages for each pay period with one check and not break up into multiple checks or payments from multiple entities.

    e. Defendants shall maintain all time and payroll records, including any records of cash payments to employees, for a period of not less than three years.

CONSENT JUDGMENT

5

   f. Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements may be recorded in Defendants' accounting system.

   g. Defendants shall inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, and persons performing payroll duties.

   h. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

   i. Defendants shall not direct supervisors, managers or persons performing payroll duties to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct their supervisors, managers, and persons performing payroll duties to encourage workers to report all hours worked.

 8. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached Exhibit A.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment.  Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

 9. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA.

CONSENT JUDGMENT

Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

10. Defendants shall provide all manufacturers for which they produce goods with a copy of this Consent Judgment.

11. Defendants shall advise the Wage and Hour Division within 30 days of any change in corporate status or name change.

12. Defendants, jointly and severally, shall not continue to withhold the payment of $109,976.31 in minimum wage and overtime pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of May 2019, through November 2020 ("Back Wage Accrual Period").

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants in the amount of $219,952.62. Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

13. Defendants shall pay $109,976.31 in minimum wage and overtime pay hereby due under the FLSA and this Judgment, to employees on Exhibit A. In addition, liquidated damages in the amount of $109,976.31 are hereby due under the FLSA and Defendants shall pay this amount to the employees on Exhibit A.

14. The amount of $5,000 in civil money penalties is assessed against Defendants and finally determined, pursuant to FLSA Section 16(e)(2), 29 U.S.C. § 216(e)(2).

15. Defendants will comply with paragraphs 12, 13, and 14 of this judgment by making payments as described in **Exhibit B**. Defendants may pay without penalty all or a portion of the amount owed earlier than it is due.

16. Defendants may make the payments required by this Consent Judgment (back wages plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by

CONSENT JUDGMENT

going to www.pay.gov and searching "WHD Back Wage Payment - WE Region", or Liquated Damages or Civil Money Penalties as applicable.  Payments shall reference Case Number # 1923613.

17. Any monies not distributed to employees, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

18. Within 15 days of entry of this Consent Judgment, Defendants shall deliver a schedule containing the full name of each employee listed on the attached Exhibit A, the employee's current address or last known address, home phone number, cell phone number, and other known contact information of the employee.

19. The Secretary shall allocate and distribute the funds described in paragraphs 12 and 13, less deductions made by the Secretary for the employees' share of payroll taxes.

20. In the event of any default in the timely making of any payment due hereunder in excess of five business days, the full amount due under the back wage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business addresses of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants' counsel of record.

21. Within thirty (30) days of the entry of this Judgment, Defendants shall supply all of its employees with copies of the attached Exhibit C. In addition, Defendants shall provide copies of Exhibit C to all new hires and post a copy at work location where it is visible to employees.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached

CONSENT JUDGMENT

Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendants.

ORDERED that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: June 27, 2022

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

CONSENT JUDGMENT

For the Plaintiff:
MARC A. PILOTIN
Regional Solicitor

_/s/ Karla Malagon_
KARLA MALAGON                                    DATE: 05/20/22
Trial Attorney

CONSENT JUDGMENT

9

For Defendants:

The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

A&S Sewing Premium Inc.

BY: Beatriz Becerra
Managing Agent

DATE: 05/18/2022

Approved as to Form

Paro Astourian
Attorney for Defendants

DATE: 5/19/2022

CONSENT JUDGMENT

10

# Exhibit A
# EMPLOYEE LIST

| First Name | Last Name | Back Wages Due | Liquidated Damages | Total Due (BWs + LDs) |
|---|---|---|---|---|
| Siney | Alfredo | $ 2,444.00 | $ 2,444.00 | $ 4,888.00 |
| Francisco | Alvarado | $ 1,745.50 | $ 1,745.50 | $ 3,491.00 |
| Modesta | Ayala | $ 156.60 | $ 156.60 | $ 313.20 |
| Vicente | Bernabe | $ 2,246.50 | $ 2,246.50 | $ 4,493.00 |
| Mario | Cantera | $ 796.00 | $ 796.00 | $ 1,592.00 |
| Isabel | Cercas | $ 4,390.00 | $ 4,390.00 | $ 8,780.00 |
| Guadalupe | Cernas | $ 1,457.02 | $ 1,457.02 | $ 2,914.04 |
| Adan | Chavez | $ 367.50 | $ 367.50 | $ 735.00 |
| Jairo | Chavez | $ 2,640.09 | $ 2,640.09 | $ 5,280.18 |
| Walter | Chavez | $ 1,210.00 | $ 1,210.00 | $ 2,420.00 |
| Mauricia | Cux | $ 1,584.00 | $ 1,584.00 | $ 3,168.00 |
| Eugenio | Escun | $ 5,262.50 | $ 5,262.50 | $ 10,525.00 |
| Gloria | Escun | $ 2,954.00 | $ 2,954.00 | $ 5,908.00 |
| Miguel | Espinosa | $ 4,348.50 | $ 4,348.50 | $ 8,697.00 |
| Javier | Flores | $ 244.50 | $ 244.50 | $ 489.00 |
| Juan | Flores | $ 1,094.00 | $ 1,094.00 | $ 2,188.00 |
| Victor | Flores | $ 4,786.26 | $ 4,786.26 | $ 9,572.52 |
| Cecilia | Garcia | $ 1,923.50 | $ 1,923.50 | $ 3,847.00 |
| Elisabeth | Garcia | $ 371.50 | $ 371.50 | $ 743.00 |
| Marcos | Garcia | $ 4,238.00 | $ 4,238.00 | $ 8,476.00 |
| Yasmin | Hernandez | $ 526.00 | $ 526.00 | $ 1,052.00 |
| Rosalia | Jardinez | $ 4,056.50 | $ 4,056.50 | $ 8,113.00 |
| Sofia | Leon | $ 979.00 | $ 979.00 | $ 1,958.00 |
| Genaro | Mendez | $ 1,322.00 | $ 1,322.00 | $ 2,644.00 |
| Angel | Ortiz | $ 534.50 | $ 534.50 | $ 1,069.00 |
| Neftali | Pacheco | $ 5,922.50 | $ 5,922.50 | $ 11,845.00 |
| Maria | Perez | $ 372.00 | $ 372.00 | $ 744.00 |
| Edwin | Quiche | $ 14,300.00 | $ 14,300.00 | $ 28,600.00 |
| Pascual | Quiche | $ 633.50 | $ 633.50 | $ 1,267.00 |
| Maria | Ramirez | $ 919.50 | $ 919.50 | $ 1,839.00 |
| Maria | Rios | $ 97.98 | $ 97.98 | $ 195.96 |
| Luis | Saldana | $ 3,261.50 | $ 3,261.50 | $ 6,523.00 |
| Samaria | Sandoval | $ 31.00 | $ 31.00 | $ 62.00 |
| Oscar | Saqui | $ 3,557.50 | $ 3,557.50 | $ 7,115.00 |
| Florencio | Serrano | $ 58.50 | $ 58.50 | $ 117.00 |
| Fabian | Solis | $ 4,071.50 | $ 4,071.50 | $ 8,143.00 |
| Silvino | Suarez | $ 1,095.50 | $ 1,095.50 | $ 2,191.00 |

| | | | | |
|---|---|---|---|---|
| Marco | Tenorio | $ 545.82 | $ 545.82 | $ 1,091.64 |
| Adolfo | Tulul | $ 2,498.00 | $ 2,498.00 | $ 4,996.00 |
| Oswaldo | Vasquez | $ 47.50 | $ 47.50 | $ 95.00 |
| Brayan | Xaminez | $ 9,496.50 | $ 9,496.50 | $ 18,993.00 |
| Leonel | Xaminez | $ 11,040.04 | $ 11,040.04 | $ 22,080.08 |
| Camila | Yac | $ 90.50 | $ 90.50 | $ 181.00 |
| Anita | Zacarias | $ 259.00 | $ 259.00 | $ 518.00 |
| | | $ 109,976.31 | $ 109,976.31 | $219,952.62 |

# Exhibit B
# Payment Schedule

EXHIBIT B

| | |
|---|---|
| Total Amount Due | $219,952.62 |
| Down Payment | $30,000 |
| Amount Still Due | $189,952.62 |
| Interest Rate | 1.00% |
| Period In Years | 2 |
| Start Date of Payments | 7/1/2022 |

| | |
|---|---|
| Monthly Payment | $7,997.40 |
| Number of Payments | 24 |
| Total interest | $1,984.99 |
| Total Cost of Payment | $191,937.61 |

| Employer Name: | A & S Sewing Premium, Inc. | Case ID Number: | 1923613 |
|---|---|---|---|

| PMT NO. | PMT. DATE | BEGINNING BALANCE | PMT. | PRINCIPAL | INTEREST | ENDING BALANCE | |
|---|---|---|---|---|---|---|---|
| 1 | 7/1/2022 | $189,952.62 | $7,997.40 | $7,839.11 | $158.29 | $182,113.51 | Liq. Damages |
| 2 | 8/1/2022 | $182,113.51 | $7,997.40 | $7,845.64 | $151.76 | $174,267.87 | Liq. Damages |
| 3 | 9/1/2022 | $174,267.87 | $7,997.40 | $7,852.18 | $145.22 | $166,415.70 | Liq. Damages |
| 4 | 10/1/2022 | $166,415.70 | $7,997.40 | $7,858.72 | $138.68 | $158,556.98 | Liq. Damages |
| 5 | 11/1/2022 | $158,556.98 | $7,997.40 | $7,865.27 | $132.13 | $150,691.71 | Liq. Damages |
| 6 | 12/1/2022 | $150,691.71 | $7,997.40 | $7,871.82 | $125.58 | $142,819.88 | Liq. Damages |
| 7 | 1/1/2023 | $142,819.88 | $7,997.40 | $7,878.38 | $119.02 | $134,941.50 | Liq. Damages |
| 8 | 2/1/2023 | $134,941.50 | $7,997.40 | $7,884.95 | $112.45 | $127,056.55 | Liq. Damages |
| 9 | 3/1/2023 | $127,056.55 | $7,997.40 | $7,891.52 | $105.88 | $119,165.03 | Liq. Damages |
| 10 | 4/1/2023 | $119,165.03 | $7,997.40 | $7,898.10 | $99.30 | $111,266.93 | Liq. Damages |
| 11 | 5/1/2023 | $111,266.93 | $7,997.40 | $7,904.68 | $92.72 | $103,362.26 | Liq. Damages |
| 12 | 6/1/2023 | $103,362.26 | $7,997.40 | $7,911.27 | $86.14 | $95,450.99 | Liq. Damages |
| 13 | 7/1/2023 | $95,450.99 | $7,997.40 | $7,917.86 | $79.54 | $87,533.13 | LDs & Backwages |
| 14 | 8/1/2023 | $87,533.13 | $7,997.40 | $7,924.46 | $72.94 | $79,608.68 | Backwages |
| 15 | 9/1/2023 | $79,608.68 | $7,997.40 | $7,931.06 | $66.34 | $71,677.62 | Backwages |
| 16 | 10/1/2023 | $71,677.62 | $7,997.40 | $7,937.67 | $59.73 | $63,739.95 | Backwages |
| 17 | 11/1/2023 | $63,739.95 | $7,997.40 | $7,944.28 | $53.12 | $55,795.66 | Backwages |
| 18 | 12/1/2023 | $55,795.66 | $7,997.40 | $7,950.90 | $46.50 | $47,844.76 | Backwages |
| 19 | 1/1/2024 | $47,844.76 | $7,997.40 | $7,957.53 | $39.87 | $39,887.23 | Backwages |
| 20 | 2/1/2024 | $39,887.23 | $7,997.40 | $7,964.16 | $33.24 | $31,923.07 | Backwages |
| 21 | 3/1/2024 | $31,923.07 | $7,997.40 | $7,970.80 | $26.60 | $23,952.27 | Backwages |
| 22 | 4/1/2024 | $23,952.27 | $7,997.40 | $7,977.44 | $19.96 | $15,974.83 | Backwages |
| 23 | 5/1/2024 | $15,974.83 | $7,997.40 | $7,984.09 | $13.31 | $7,900.74 | Backwages |
| 24 | 6/1/2024 | $7,990.74 | $7,997.40 | $7,990.74 | $6.66 | $0.00 | Backwages and Civil Money Penalties |

# EXHIBIT C

**LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, A&S Sewing Premium Inc. agreed to compensate their employees in accordance with the Fair Labor Standards Act, and the **United States District Court** entered an Order forbidding **A&S Sewing Premium Inc.** a garment contractor, from shipping goods for their label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (702) 388-6001. Your name will not be disclosed.

# Exhibit C
(Spanish)

### NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **A&S Sewing Premium Inc.**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el
sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (702) 388-6001. Su nombre se mantendrá confidencial.

# **Exhibit C**
(Korean)

모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5 배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **A&S Sewing Premium Inc.** 가 발송하지 못하게 명령하였습니다.

아니면, 미연방 노동청, 임금과 시간 부처로 (702) 388-6001 전화 하십시요.

당신의 이름은 비밀로 보장됩니다.